Arthur Aaronson, Esq. [S.B.N. 64988]
ART@ARTHURAARONSON.COM
Aaronson & Aaronson
16133 Ventura Boulevard, Suite 675
Encino, California 91436
Phone: (818) 783-3858
Fax: (818) 783-3825

Attorney for Plaintiffs, KEITH MARZ and MARZ SPRAYS, LLC

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MARZ, an individual; and MARZ SPRAYS, LLC a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INSTAVIT LIMITED, an English corporation; INSTAVIT NA, LLC, a Michigan limited liability company doing business as Instavit US; INSTAVIT US, LLC, a Florida limited liability company and DOES 1-20, inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT;**<br>**2. FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. §1125(a));**<br>**3. TRADE DRESS INFRINGEMENT (15 U.S.C. §1125(a));**<br>**4. STATE UNFAIR COMPETITION;**<br>**5. COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT** |

Plaintiffs MARZ SPRAYS, LLC, a Nevada Limited Liability Company and KEITH MARZ, an individual, by and through its undersigned attorney, bring this Complaint against Defendants INSTAVIT LIMITED, INSTAVIT US, LLC, and INSTAVIT NA, LLC (hereinafter INSTAVIT LIMITED, INSTAVIT US, LLC, AND INSTAVIT NA, LLC shall be collectively referred to as “INSTAVIT” or “Defendants”), for violations of the Lanham Act, 15 U.S.C § 1051, et seq. including trademark infringement, false designation of

origin and unfair competition, and related claims of unfair competition under California law and common law trademark and trade dress infringement.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121; and 28 U.S.C. §1331, §1338(a) and (b), and §1367 because this action arises, in part, under the Lanham Act, 15 U.S.C. §1051, et seq. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §§1338(b) and 1367.

2. Defendants are subject to the personal jurisdiction of this Court because Defendants have, and continue to conduct business in this judicial district.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this judicial district and because Defendants' conduct business within this judicial district.

**NATURE OF ACTION**

4. This is an action for trademark infringement in violation of the Lanham Act, 15 U.S.C. §1051 *et seq.*; false designation of origin and unfair competition under 15 U.S.C. §1125(a); trade dress infringement under 15 U.S.C. §1125(a); unfair competition and deceptive business practices in violation of California Business & Professions Code §17200 et seq.; and common law trademark and trade dress infringement.

5. The facts alleged herein arise from Defendants' use of a trademark, in commerce that is virtually identical to Plaintiffs'

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

federally registered trademark, on products that are identical to those of Plaintiffs. Defendants also infringe Plaintiffs’ trade dress rights by using packaging, labels and other design elements that is confusingly similar to the packaging constituting Plaintiffs’ trade dress. There have already been reported cases of confusion and the circumstances herein make future reports of consumer confusion almost certain.

**PARTIES**

6. Plaintiff MARZ SPRAYS, LLC (hereinafter referred to as “MS”) is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Nevada.

7. Plaintiff, Keith Marz (herein after referred to as “K. MARZ”) is, and at all times mentioned herein was, an individual residing in Los Angeles, California. K. MARZ is the founder and a principal of Plaintiff MS.

8. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, Instavit Limited (hereinafter referred to as “LIMITED”) is, and at all times mentioned herein was a corporation, limited liability company or other form of legal entity, the exact nature of which is unknown to Plaintiffs, organized and existing under the laws of the United Kingdom, with offices in the United Kingdom, Michigan and Florida.

9. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, Instavit NA, LLC (hereinafter referred to as “NA”) is, and at all times mentioned herein was, a limited liability company organized under the laws of the State of Michigan and doing business under the assumed name of

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

Instavit US, LLC.

10. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, Instavit US, LLC (hereinafter referred to as "US") is, and at all times mentioned herein was, a limited liability company organized under the laws of the State of Florida.

11. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiffs will amend this Complaint to state their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by the acts or omissions of such Defendants.

12. Plaintiffs are informed and believe, and upon such belief allege, that LIMITED is the managing member of NA and US and that Limited, NA and US are related entities in a manner, form or structure and/or by way of ownership, interest or otherwise, that is currently unknown to Plaintiffs at this time, such that each Defendant is responsible for and has in some way contributed to the unlawful actions complained of herein.

13. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Defendants was the agent, representative and/or employee of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the scope and course of such authority, agency,

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

representation and/or employment.

## GENERAL ALLEGATIONS

**Plaintiffs' Business and Intellectual Property**

14. In or about 2008, K. MARZ developed SLIMSPRAY®, a liquid vitamin supplement administered via an innovative oral spray delivery system marketed to those health conscious consumers who have problems swallowing pills or do not want to ingest the fillers and binders sometimes used in pills and to travelers or people "on the go" that do not want to carry around bottles of pills.

15. Finding success with his SLIMSPRAY® product, K. MARZ sought to expand his vitamin spray business. In 2010 K. MARZ formed MS. Since its inception, MS has engaged in the business of developing, manufacturing, distributing and selling liquid vitamin oral spray supplements.

16. Today, MS's product line has grown to include numerous formulations of vitamin and mineral supplements designed to aid in the treatment of various conditions. MS's product line includes, but is not limited to, SLEEPSPRAY™, formulated to ease insomnia and restlessness; KIDSSPRAY®, a vitamin supplement formulated for children; JUICY™, a multivitamin spray; REBOOT®, a vitamin supplement to increase energy and focus; C-SPRAY®, a vitamin supplement that strengthens the immune system; and SLIMSPRAY®, designed to promote weight loss (hereinafter collectively referred to as the "MS Products").

17. K. MARZ is the owner of U.S. Trademark Registration No. 4,212,459 consisting of an orange cross (hereinafter referred to as the "Marz Cross") for use on or in connection with appetite suppressants, oral spray for boosting energy, vitamin c

preparations and vitamins. The Marz Cross application was filed on June 28, 2011 and the registration was issued on September 25, 2012. A true and correct copy of the registration certificate for the Marz Cross is attached hereto as **Exhibit "A"**.

18. K. MARZ exclusively licenses the Marz Cross to MS for use on and in connection with the MS Products.

19. Since as early as February 1, 2011, MS has used the Marz Cross in commerce. MS prominently features the Marz Cross on all MS Products, as well as on all packaging, advertising, marketing and promotional materials, point-of-purchase displays, on third-party retail websites and on the MS website.

20. Plaintiff MS's advertising and promotional materials often contain statements reminding to consumers to "look for the orange cross" to distinguish MS Products from other similar products. Attached hereto as **Exhibit "B"** is a copy of an MS advertisement that contains one variation of the reminder.

21. Plaintiff MS has also acquired certain trade dress rights in and to the distinctive packaging it has continuously used for at least five (5) years preceding the filing of this Complaint in connection with the MS product line as a whole as well as each of the MS vitamin sprays it produces and sells.

22. MS Products are packaged in a white plastic cylinder container. The name of each particular vitamin spray is printed in capital letters using bold color font accompanied by a small design symbolizing a quality or feature of the particular vitamin spray. The Marz Cross appears above the product name. The phrase "marz labs" written in a stylized lower case font directly to the right of the Marz Cross. Attached hereto as **Exhibit "C"** is a photograph

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

of the MS Products.

23. MS's SLEEPSPRAY™ trade dress consists of the word "sleep" printed in dark blue capitalized and bolded letters on a white background. Slightly to the right of the letter 'p' in "sleep" is a design of a crescent moon. Three (3) stars are positioned around the moon. Attached hereto as **Exhibit "D"** is a photograph of MS's SLEEPSPRAY™ packaging.

24. MS also has trade dress rights in the color orange used in connection with the branding of the MS and the MS Products and is displayed in its advertising and marketing materials, point of purchase displays, on the MS website and social media accounts and anywhere that the MS Products appear. Attached hereto as **Exhibit "E"** are some of MS's advertisements and point-of purchase displays showing the MS orange trade dress.

25. The above referenced trade dress shall hereinafter collectively referred to as the "MS Trade Dress".

26. The MS Trade Dress is non-functional and constitutes inherently distinctive trade dress.

27. In the alternative, through Plaintiffs' extensive, exclusive and continuous use of the MS Trade Dress for at least the five (5) years preceding the filing of this Complaint, it has acquired secondary meaning such that consumers now immediately associate the MS Trade Dress as emanating exclusively from MS and rely on it to identify the high quality oral spray vitamin products MS produces.

28. Plaintiff MS invests substantial time, money and resources in developing, promoting and protecting the Marz Cross and MS Trade Dress (the Marz Cross and MS Trade Dress shall

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

hereinafter be collectively referred to as the "MS IP"). MS's extensive advertising, marketing and promotional campaigns promoting the MS Products and MS IP has resulted in MS securing numerous distribution and sales agreements with some of the country's largest retailers.

29. In addition to Plaintiffs' advertising and marketing campaigns, Plaintiffs have received widespread publicity in print and online publications for their novel vitamin spray.

30. In fact, on or about October 12, 2012, Plaintiff K. MARZ and another MS principal, Brandon Marz (hereinafter referred to as "B. MARZ") appeared on the nationally syndicated television show "Shark Tank"[1] where they successfully pitched the MS business to one of the "Sharks," Lori Greiner.

31. MS's appearance on Shark Tank was so well received that on or about April 25, 2014, Shark Tank aired a follow-up episode about the MS Products.

32. During both appearances on Shark Tank, the Marz Cross is prominently displayed as the focal point of MS's branding. Attached hereto as **Exhibit "F"** is a screen capture from the 2012 Shark Tank episode featuring the MS Products and Marz Cross.

33. As a direct result of Plaintiff MS's extensive advertising, marketing and promotional campaigns and media exposure, the MS IP has achieved significant brand recognition such that consumers have come to associate the MS IP exclusively with

[1] Shark Tank is an Emmy Award winning reality television show broadcast on ABC where entrepreneurs and small business owners pitch their good or services to successful and well-known business leaders with the goal of convincing them to invest in their small business.

the MS Products. The MS IP has thus become and is a valuable business asset symbolizing the goodwill of MS and the high quality of MS Products.

34. By virtue of its exclusive and continues use of the MS IP, MS has also established common law trademark and trade dress rights in and to the Marz Cross, the protectable elements of its product packaging and the presentation of the MS brand in connection with its vitamin and mineral supplements, including but not limited to the goods specified in the Marz Cross registration and the pending SLEEPSPRAY™ application.

**Defendants' Infringing and Unlawful Activities**

35. Plaintiffs are informed and believe, and upon such information and belief allege, that INSTAVIT is also in the oral spray vitamin business and manufactures, distributes and sells their own line of oral vitamin sprays (hereinafter referred to as the "Instavit Products" or "Defendants' Products"). Attached hereto as **Exhibit "G"** are photographs showing the Instavit Products.

36. Plaintiffs are informed and believe, and upon such information and belief allege, that INSTAVIT began selling the Instavit Products sometime toward the end of 2015, long after Plaintiffs had achieved widespread brand recognition, extensive sales and garnered significant goodwill.

37. In an effort to deceive consumers and trade off the good will of MS, INSTAVIT has adopted and is using in commerce, colorable imitations of and/or confusingly similar trademarks and trade dress to the MS IP. Attached hereto as **Exhibit "H"** are photographs showing INSTAVIT's use of the Infringing Mark and Infringing Trade Dress as used on the Instavit Products, displays



AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

and advertising.

38. Defendants' goods are identical to the MS Products and are marketed to identical consumers through identical channels of trade. In fact, Plaintiffs' and Defendants' products often appear side by side making confusion even more probable as is demonstrated in the attached **Exhibit "I"** showing a screen capture of an Amazon.com webpage showing that both Plaintiffs' and Defendants' products appear on the same web page.

39. Defendants' above referenced infringing trademark and trade dress shall hereinafter respectively be referred to as the "Infringing Mark" or "Defendants' Mark" and the "Infringing Trade Dress" and collectively referred to as the "Infringing IP."

40. Defendants' use of the Infringing IP includes, but is not limited to the following: (1) a trademark consisting of a colorable imitation of the MS Cross on products, packaging, advertising material and website; (2) the look and feel of the MS Trade Dress as applied to Defendants' product line as a whole. Specifically, Defendants' use of color to differentiate each oral spray in the product line, a use of similar fonts and placement of the product name and company name on the Instavit Products, prominently displaying the color orange on the INSTAVIT packaging and advertising materials; (3) the use of packaging for their "Sweet Dreams" sleep spray that is confusingly similar to the MS SLEEPSPRAY™ Trade Dress. Specifically, Defendants have adopted the same or confusingly similar shade of blue prominent on the packaging and utilizing the exact design of a crescent moon and stars in the same place and same positioning of the crescent moon and stars on Plaintiffs' SLEEPSPRAY™ packaging; and (4) packaging

for INSTAVIT's travel pack is confusingly similar to Plaintiffs' packaging for their travel pack. Some of the Infringing IP are illustrated in the pictures below.

<table>
<tr><th>PLAINTIFFS PRODUCTS</th><th>DEFENDANTS' PRODUCTS</th></tr>
<tr><td>
</td><td>
</td></tr>
<tr><td>
</td><td></td></tr>
<tr><td>
</td><td>
</td></tr>
</table>

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436







41. Plaintiffs are informed and believe, and upon such information and belief allege, that in addition to Defendants' use of the Infringing IP on the Instavit Products, packaging, marketing and advertising materials, Defendants also use the Infringing IP on their website and social media accounts. Attached hereto as **Exhibit "J"** are screen grabs from Defendants' website, www.instavit.com (herein after referred to as the "Instavit Website") and twitter account showing Defendants' use of the Infringing IP as described above.

42. Defendants' use of the confusingly similar trademarks and trade dress are an attempt to trade off of the recognition and goodwill of Plaintiffs' business and the MS IP.

**Defendants' Bad Faith and Intentional Use of Plaintiffs' Trademarks and Trade Dress and/or Colorable Imitations Thereof**

43. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants' use of the Infringing Cross and Infringing Trade Dress has been done willfully to mislead customers into believing there is an association between

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

Defendants and MS thereby profiting off of the earned goodwill of MS and MS's IP.

44. Plaintiffs are informed and believe, and upon such information and belief allege, that around the time MS was just entering the vitamin spray market, the individuals that would later go on to start INSTAVIT received confidential proprietary information about MS including business plans, present and future planned use of certain intellectual property including trademarks, trade dress and marketing strategy.

45. Plaintiffs are informed and believe, and upon such information and belief allege, that prior to the formation of INSTAVIT and/or prior to the time INSTAVIT began to manufacture, distribute and sell products under the Infringing IP, members of LIMITED, NA and US obtained unauthorized access to Plaintiffs' business plans, products, trademarks, trade dress and sales strategy of MS.

46. In or about 2010, Plaintiff K. MARZ and B. MARZ seeking to raise capital for MS, entered into negotiations with a potential investor, David Gundlach (hereinafter referred to as "GUNDLACH").

47. During one meeting held in or about November of 2010 between the principals of MS and GUNDLACH, GUNDLACH stated that he was acquainted with the creator of the energy drink, "5-Hour Energy," Thomas Morse (hereinafter referred to as "MORSE") and was considering investing in his new company as well and/or getting MORSE involved with MS. K. MARZ and B. MARZ told GUNDLACH they were not interested in bringing in any other person.

48. Despite K. MARZ's and B. MARZ's objections, in or about December 2010, during a subsequent meeting between the principals

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

of MS and GUNDLACH, GUNDLACH revealed that he had discussed MS with MORSE and disclosed to MORSE information about MS's business and shared documents and information acquired during the investment negotiations including, including business plans, present and future intellectual property including trademarks, trade dress and marketing strategy.

49. GUNDLACH's disclosure of the confidential MS business information and materials to MORSE was unauthorized and done without the consent of K. MARZ or B. MARZ.

50. Plaintiffs are informed and believe, and upon such information and belief allege, that INSATVIT used the unlawfully obtained information about MS to willfully imitate the MS Products and trade off MS's good will and reputation.

51. In addition to the unauthorized disclosure by GUNDLACH to MORSE, Plaintiffs are informed and believe, and upon such information and belief allege, that some or all of the individuals that are presently involved in some manner with INSTAVIT, had knowledge of and were well aware of MS, the MS Products and MS IP through MS' participation in various industry trade shows as well as through Plaintiffs' extensive advertising and marketing efforts.

52. On or about February 1, 2017, and again on or about March 29, 2017, Plaintiffs sent Defendants two cease and desist letters notifying them that they are infringing Plaintiffs' rights and demanded that INSTAVIT cease all infringing activity. A copy of each cease and desist letter are attached hereto as **Exhibit "K"**.

53. On or about April 7, 2017, Plaintiffs received a response from INSTAVIT's counsel that failed to adequately address Plaintiffs' concerns and as of the filing date of this Complaint,

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

Defendants have continued to use the Infringing IP despite having actual and constructive notice of Plaintiffs' rights in and to the MS IP.

54. Out of an entire universe of words, fonts, colors and other design elements and combination thereof, Defendants chose the Infringing IP, which is virtually identical to the Marz Cross such that its use has already caused confusion and is almost certain to cause consumer confusion again. The likely result is that consumers will mistakenly believe that INSTAVIT and its products are sponsored, authorized, or produced by Plaintiffs, or are under license from Plaintiffs, or that Defendants are somehow associated with Plaintiffs.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT (15 U.S.C. §1114)**

55. Plaintiffs repeat and adopt each allegation contained in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

56. Plaintiff K. MARZ is the owner of the federally registered Marz Cross trademark. Since as early as February of 2011, Plaintiff MS has been the sole and exclusive licensee of the Marz Cross for use on or in connection with appetite suppressants, oral spray for boosting energy, vitamin c preparations and vitamins.

57. Consumers have come to identify and associate the distinctive Marz Cross as emanating exclusively from MS and as a symbol of the high quality oral vitamin sprays produced and sold by MS.

/ / /

58. Plaintiffs’ rights in the Marz Cross have priority over Defendants’ adoption and use of the Infringing Mark or any other confusingly similar because Plaintiffs first used the Marz Cross in commerce long before Defendants’ even entered the vitamin spray market.

59. Plaintiffs have not authorized, consented to, licensed or permitted Defendants use of the Marz Cross or any trademark that is confusingly similar to the Marz Cross.

60. Defendants’ use of the Infringing Mark in connection with identical or nearly identical goods as those sold by MS has caused, and is likely to continue to cause, consumer confusion and constitutes trademark infringement in violation of 15 U.S.C. §1114.

61. Prior to adopting and using the Infringing Mark, Defendants had actual and/or constructive notice of Plaintiffs’ trademark rights in and to the Marz Cross. Notwithstanding said knowledge and with a blatant disregard of the law and of Plaintiffs’ superior rights, Defendants adopted the Infringing Mark in an effort to profit off the good will of Plaintiffs’ business and intellectual property by passing off their goods as emanating from Plaintiffs.

62. Defendants’ violation of 15 U.S.C. §1114 has caused Plaintiffs to suffer damages in an amount to be determined at trial but that well exceed the jurisdictional minimum.

63. Upon information and belief, by their willful conduct, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

64. Defendants' actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

constitute a knowing violation of Plaintiffs' rights. Plaintiffs are entitled to recover actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case pursuant to 15 U.S.C. § 1117(a).

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. §1125(a))**

65. Plaintiffs repeat and adopt each allegation contained in paragraphs 1 through 65 of this Complaint as though fully set forth herein.

66. Consumers have come to identify the distinctive Marz Cross with MS as the exclusive and single source of the MARZ Products.

67. Defendants' use of the Infringing Mark on the same type of goods sold under Plaintiff MS's Marz Cross constitutes a false designation of origin and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

68. Defendants' use of the Infringing Mark constitutes false designation of origin or sponsorship of Defendants' products and tends to falsely represent that the Instavit Products originate from Plaintiffs or that INSTAVIT and/or the Instavit Products have been sponsored, approved, or licensed by Plaintiffs, or are in some way affiliated or connected with Plaintiffs.

69. Defendants' conduct has, and is likely to continue to confuse, mislead and deceive consumers and the general public as to the origin of the Instavit Products and/or cause people to believe that INSTAVIT and/or the Instavit Products have been sponsored, approved, authorized, or licensed by Plaintiffs or are in some way affiliated or connected with Plaintiffs, all in violation of Title

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

15, U.S.C. § 1125(a).

70. Defendants' use of the Infringing Trade Dress has caused, and continues to cause Plaintiffs to suffer damages in an amount to be determined at trial.

71. Defendants' acts of unfair competition, as described above, are and willful, deliberate and undertaken with the intent to misappropriate the goodwill and reputation associated with the Marz Cross and MS Trade Dress.

72. Plaintiffs are entitled to recover its actual damages, and attorney's fees and costs incurred in this action, as this is an "exceptional" case pursuant to 15 USC § 1117(a).

73. Defendants' acts complained of herein have caused and will continue to cause, irreparable injury to the value, reputation and goodwill of Plaintiffs' business and intellectual property rights. Based on Defendants' conduct to date there is no reason to believe that Defendants will cease using the Infringing Mark and Plaintiffs will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

**THIRD CAUSE OF ACTION**
**TRADE DRESS INFRINGEMENT**
**(Violation of Lanham Act, 15 U.S.C. §1125(a))**

74. Plaintiffs repeat and adopt each allegation contained in paragraphs 1 through 74 of this Complaint as though fully set forth herein.

75. MS's Trade Dress is entitled to protection under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). The MS Trade Dress is inherently distinctive and non-functional and/or it has acquired distinctiveness through MS's continuous and exclusive use in

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

commerce for at least the previous five (5) years from the date this Complaint was filed.

76. Long after Plaintiff MS began using the MS Trade Dress, Defendants' adopted confusingly similar trade dress and continues to use the Infringing Trade Dress despite having actual and constructive notice of Plaintiffs’ trade dress rights.

77. Defendants’ use of the Infringing Trade Dress constitutes false designation of origin or sponsorship of Defendants' vitamin sprays and tends falsely to represent that Defendants' Products originate from Plaintiffs’ or that Defendants' Products and/or Defendants have been or are sponsored, approved, or licensed by Plaintiffs or are in some way affiliated or connected with Plaintiffs.

78. Defendants' conduct is likely to confuse, mislead and deceive both Plaintiffs’ and Defendants' customers and members of the public as to the origin of the Instavit Products or cause said persons to believe that INSTAVIT and/or the Instavit Products have been sponsored, approved, authorized or licensed by Plaintiffs or are in some way affiliated or connected with Plaintiffs, all in violation of 15 U.S.C. § 1125(a).

79. Defendants' use of the Infringing Trade Dress has caused, and continues to cause Plaintiffs to suffer damages in an amount to be determined at trial.

80. Defendants' actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiffs’ rights. Plaintiffs are entitled to recover actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case

pursuant to 15 USC § 1117(a).

81. As a result of Defendants' trade dress infringement, Plaintiffs have also suffered irreparable injury to their business, reputation, and goodwill. Plaintiffs will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

**FOURTH CAUSE OF ACTION**
**CALIFORNIA UNFAIR COMPETITION**
**(California Business and Professions Code §1700 et seq.)**

82. Plaintiffs repeat and adopt each allegation contained in paragraphs 1 through 82 of this Complaint as though fully set forth herein.

83. Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiffs or as to the origin, sponsorship or approval of Defendants' Products or commercial activities by Plaintiffs in violation of California Business and Professions Code § 17200 et seq.

84. The Defendants' conduct and activities constitute deception, misrepresentation, and false advertising as to the source of the Defendants' Products and constitute acts of unfair competition in violation of California Business & Professions Code §17200, et seq.

85. Upon information and belief, Defendants' acts of unfair competition, as described above, are willful, deliberate and undertaken with the intent to misappropriate the goodwill and reputation associated with MS and the MS IP.

86. Defendants' acts of infringement have caused both irreparable harm and monetary damage to Plaintiffs in an amount to

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

be determined at trial.

87. Unless restrained, Defendants' actions will cause further irreparable harm, leaving Plaintiffs with no adequate remedy at law. By their foregoing acts, Defendants have deceived and confused members of the public, and they are likely to continue to do so unless restrained and enjoined by this Court.

**FIFTH CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT**

88. Plaintiffs repeat and adopt each allegation contained in paragraphs 1 through 88 of this Complaint as though fully set forth herein.

89. Plaintiff MS is the exclusive licensee of the Marz Cross and of all rights, title and interest in and to the distinctive trade names, common law trademarks, designs, symbols, and logos used by Plaintiff MS by virtue of its extensive sales of the MS Products bearing the Marz Cross and MS Trade Dress including all designs, symbols and logos (hereinafter collectively referred to as the "MS Common Law IP").

90. Defendants' appropriation and use of the MS Common Law IP without consent or authorization trademark infringement, trade dress infringement, and unfair competition. Defendants' conduct and has caused and is likely to continue cause confusion and mistake in the minds of the purchasing public as to the source of the Instavit Products and to cause consumers to believe such products emanate from Plaintiffs or that Plaintiffs have authorized, sponsored, or approved Defendants' use of the MS IP when, in fact, they are not.

91. Upon information and belief, Defendants have intentionally appropriated the Common Law Trademarks with the

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

intent of causing confusion, mistake, and deception as to the source of said products.

92. Plaintiffs have been damaged by, and the Defendants have profited from the Defendants' wrongful conduct in an amount to be proven at trial.

93. As a result of Defendants' trade dress infringement, Plaintiffs have also suffered irreparable injury to their business, reputation, and goodwill. Plaintiffs will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Marz Sprays, LLC and Keith Marz respectfully request that this Court enter judgment against the Defendants as follows:

1. Defendants and their affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, or any other person or entity under Defendants' control or that act in concert or participation with Defendants be permanently enjoined and restrained from:

a. directly or indirectly displaying, advertising, promoting, selling or offering for sale, licensing, supplying or otherwise distributing vitamin supplements of any kind and in any form using a trademark that is confusingly similar to the Marz Cross including but not limited to the Infringing Mark in any color; Packaging or other trade dress that is confusingly similar to the MS Trade Dress; and packaging or other trade dress that is

confusingly similar to the SLEEPSPRAY™ Trade Dress; or

b. directly or indirectly engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, customers, and/or members of the public to believe that Defendants and/or their goods are connected with Plaintiffs, are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs;

c. engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with the or confusingly similar to the MS Marks and falsely representing that Defendants and the Instavit Products are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

2. A judgment ordering Instavit Limited, Instavit US, LLC and Instavit NA, LLC d/b/a Instavit US, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiffs within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue using the Infringing IP;

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

3. A judgment ordering Instavit Limited, Instavit US, LLC and Instavit NA, LLC d/b/a Instavit US, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all labels, signs, prints, website pages, wrappers, packaging, products, brochures, and/or advertisements in Defendants' possession bearing the Infringing IP that are identical to, or confusingly similar to the MS IP;

4. A judgment requiring Defendants to provide this Court and Plaintiffs an accounting of all ill gained profits and revenue resulting from Defendants' infringing activity;

5. A judgment requiring Defendants disgorge to Plaintiffs all ill gained profits and revenue Defendants received as a result of their unlawful infringement and false designation of origin in accordance with 15 U.S.C. § 1117(a) and §1125(a), and California law;

6. Awarding Plaintiffs interest, costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

7. Awarding treble damages in the amount of Defendants' profits or Plaintiffs damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117 and California law;

8. Awarding Plaintiffs punitive damages in connection with its claims under California law; and

9. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

DATED: May 24, 2017 **AARONSON & AARONSON**

By: ______________________
ARTHUR AARONSON,
Attorneys for Plaintiffs, MARZ SPRAYS, LLC and KEITH MARZ

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

AARONSON AND AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

DATED: 5/24, 2017

AARONSON & AARONSON

By: ______________________

ARTHUR AARONSON,
Attorneys for Plaintiffs, MARZ SPRAYS, LLC and KEITH MARZ